## Cutler, Appellant, *v.* Kolb Bakery Co.

*Negligence—Elevators—Contributory negligence—Backing into an elevator space without looking.*

Where a person knowing that the opening to an elevator on an upper floor is unguarded, and that if the elevator moved there would be no gates for protection, deliberately steps backwards for seven feet to the elevator shaft, without turning his head or looking backward, and falls down the shaft, he cannot recover damages for his injuries from the owner of the building.

Argued January 18, 1922. Appeal, No. 247, Jan. T., 1922, by plaintiff, from order of C. P. No. 2, Phila. Co.,

Statement of Facts—Opinion of the Court.   [273 Pa.
June T., 1920, No. 6544, refusing to take off nonsuit, in case of Haywood Cutler v. Kolb Bakery Co.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries.   Before STERN, J.

The opinion of the Supreme Court states the facts.

The court entered a nonsuit which it subsequently refused to take off.   Plaintiff appealed. ·

*Errors assigned* were (1) entry of nonsuit, and (2) refusal to remove it.

*Earle Hepburn,* for appellant, cited: Drake v. Fenton, 237 Pa. 8; Beach v. Hyman, 254 Pa. 131; Ralston v. Locomotive Works, 240 Pa. 14.

*J. Hibbs Buckman,* of *Buckman & Buckman,* for appellee.

PER CURIAM, February 6, 1922:

Plaintiff sued to recover damages for injuries sustained as the result of falling through an open elevator shaft on the premises of defendant.   The judgment of the lower court, in refusing to take off a nonsuit, is affirmed on the following extract from the opinion of the learned court below: "Plaintiff on his own testimony admitted that he was standing seven feet away from the opening into the elevator; that he had his back to the elevator; that he had been engaged for a few minutes previous in helping to load his truck with flour.   He then says that he stepped backward those seven feet to the elevator and fell down the unguarded shaft, the elevator having been moved meanwhile by somebody unknown.   The plaintiff further testified that he knew that the gates were not there, or that if they were there that they did not work, because he said he had been up there some ten or twelve times before over a period of about

two months before this accident happened, and therefore he knew the condition of the elevator, and knew therefore that if the elevator was moved there would be no gates there to protect a person.   With that knowledge, he stepped backward from his position in the truck to the elevator shaft without turning his head, either before he started or while he was backing, or immediately before passing over from the solid floor into the area covered by the elevator.   He also says it was a bright May day, a sunny day, and that while it was not as light within the building, of course, as it was outside, there was enough light there for him to have seen had he looked.   He frankly says that 'he could have seen had he looked and that he did not look.'"

The judgment is affirmed.